UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN SECTION

| | |
|---|---|
| HELDER PEIXOTO,<br><br>    Plaintiff,<br><br>v.<br><br>EXPERIAN, CRAIG SMITH,<br><br>    Defendants. | Case No. 04-10436 (JLT)<br><br>**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES** |

NOW COMES defendant Experian Information Solutions, Inc. ("Experian"), incorrectly sued herein as Experian, by its undersigned counsel, and in answer to the Complaint, states as follows. Because Plaintiff did not number the allegations of the Complaint, for the Court's ease of reference, Experian has included Plaintiff's allegations within the text of its Answer.

**FIRST ALLEGATION:**

JURISDICTION OF THIS COURT FALLS UNDER THE FCRA 15 USC s 1681 AND MASSACHUSETTS GENERAL LAWS CHAPTER 93 A.

1.    Experian states that this is a legal conclusion which is not subject to denial or admission.

**SECOND ALLEGATION:**

THE PLAINTIFF HELDER PEIXOTO AN ADULT RESIDING IN MIDDLESEX COUNTY MASSACHUSETTS IS A CONSUMER AS DEFINED IN THE FCRA.

2.  In response, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Plaintiff's Second Allegation and, on that basis, denies, generally and specifically, each and every allegation contained therein. Experian further states that to the extent Plaintiff's Second Allegation is a legal conclusion, it is not subject to denial or admission.

**THIRD ALLEGATION:**

UPON INFORMATION AND BELIEF THE DEFENDANT EXPERIAN, HEREAFTER EXPERIAN MAINTAINS HEADQUARTERS IN ORANGE CA, AND IS A "PERSON" AS DEFINED BY THE FCRA. 1681 A (B) AND A "CONSUMER REPORTING AGENCY" AS DEFINED BY THE FCRA 1681 A (F).

3.  In response, Experian states that its principal place of business is in Costa Mesa, California. Experian further admits that it is a "person" as defined by 15 U.S.C. § 1681a(b), and that it is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f). Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of Plaintiff's Third Allegation.

**FOURTH ALLEGATION:**

UPON INFORMATION AND BELIEF DEFENDANT, CRAIG SMITH IS CEO OF EXPERIAN.

4.  In response, Experian admits the allegations contained in Plaintiff's Fourth Allegation.

NYI-2123154v1

**FIFTH ALLEGATION:**

EXPERIAN WILLFULLY AND NEGLIGENTLY FAILED TO PROVIDE COMPLETE CONSUMER DISCLOSURES ON NUMEROUS OCCASIONS IN VIOLATION OF FCRA s 1681 AG (A) 1.

5. In response, Experian denies, generally and specifically, each and every allegation contained in Plaintiff's Fifth Allegation.

**SIXTH ALLEGATION:**

EXPERIAN WILLFULLY AND NEGLIGENTLY FAILED TO LIMIT THE FURNISHING OF CONSUMER REPORTS TO USERS WITH A PERMISSABLE PURPOSE IN VIOLATION OF THE FCRA s 1681 E (A).

6. In response, Experian denies, generally and specifically, each and every allegation contained in Plaintiff's Sixth Allegation.

**SEVENTH ALLEGATION:**

EXPERIAN WILLFULLY AND NEGLIGENTLY FAILED TO PROVIDE TRAINED PERSONNEL IN VIOLATION OF FCRA s 1681 H (C).

7. In response, Experian denies, generally and specifically, each and every allegation contained in Plaintiff's Seventh Allegation.

**EIGHTH ALLEGATION:**

EXPERIAN WILLFULLY AND NEGLIGENTLY FAILED TO PROVIDE TO PLAINTIFF A SUMMARY OF ALL RIGHTS IN VIOLATION OF FCRA s1681 G (C).

8. In response, Experian denies, generally and specifically, each and every allegation contained in Plaintiff's Eighth Allegation.

**NINTH ALLEGATION:**

EXPERIAN WILLFULLY AND NEGLIGENTLY FAILED TO FOLLOW REASONABLE PROCEDURES TO ASSURE MAXIMUM POSSIBLE ACCURACY OF THE INFORMATION CONTAINED IN CONSUMER REPORTS IN VIOLATION OF FCRA s 1681 E (B).

9.  In response, Experian denies, generally and specifically, each and every allegation contained in Plaintiff's Ninth Allegation.

**TENTH ALLEGATION:**

EXPERIAN WILLFULLY AND NEGLIGENTLY FAILED TO PROVIDE CONSUMER DISCLOSURES BY TELEPHONE AND FAX IN VIOLATION OF FCRA s 1681 H (B).

10.  In response, Experian denies, generally and specifically, each and every allegation contained in Plaintiff's Tenth Allegation.

**ELEVENTH ALLEGATION:**

EXPERIAN WILLFULLY AND NEGLIGENTLY FAILED TO INVESTIGATE PLAINTIFFS DISPUTES, FAILED TO PROVIDE NOTICE OF THE DISPUTES TO THE FURNISHERS AND FAILED TO CONSIDER PLAINTIFFS INFORMATION IN VIOLATION OF FCRA s 1681 (A)1, (A)2 AND (A)4.

11.  In response, Experian denies, generally and specifically, each and every allegation contained in Plaintiff's Eleventh Allegation.

**TWELFTH ALLEGATION:**

EXPERIAN WILLFULLY AND NEGLIGENTLY FAILED TO PROVIDE WRITTEN NOTICE BY FAX OR E-MAIL AS REQUESTED BY PLAINTIFF ON NUMEROUS OCCASIONS AND FAILED TO PROVIDE REQUIRED NOTICES IN VIOLATION OF THE FCRA s 1681 i (A)7.

12.    In response, Experian denies, generally and specifically, each and every allegation contained in Plaintiff's Twelfth Allegation.

**THIRTEENTH ALLEGATION:**

EXPERIAN WILLFULLY AND NEGLIGENTLY REPORTED INCORRECT ADDRESSES FOR PLAINTIFF, SUBJECTING HIM TO THE POSSIBILITY OF IDENTITY THEFT, LOST OPPORTUNITIES AND LOSS OF IMPORTANT MAILINGS, INCLUDING CONSUMER CREDIT DISCLOSURES.

13.    In response, Experian denies, generally and specifically, each and every allegation contained in Plaintiff's Thirteenth Allegation.

**FOURTEENTH ALLEGATION:**

EXPERIAN MALICIOUSLY & INTENTIONALLY DISSEMINATED INCORRECT DEFAMATORY STATEMENTS ABOUT PLAINTIFF.

14.    In response, Experian denies, generally and specifically, each and every allegation contained in Plaintiff's Fourteenth Allegation.

**FIFTEENTH ALLEGATION:**

EXPERIAN WILLFULLY AND NEGLIGENTLY ENGAGED IN THE SALE OF WORTHLESS AND INCORRECT CREDIT SCORES WITH INTENT TO MISLEAD AND DEFRAUD PLAINTIFF AND MILLIONS OF CONSUMERS.

15.     In response, Experian denies, generally and specifically, each and every allegation contained in Plaintiff's Fifteenth Allegation.

**SIXTEENTH ALLEGATION:**

CRAIG SMITH IS RESPONSIBLE AND LIABLE FOR THE EXPERIAN PROCEDURES RESULTING IN THE NUMEROUS FCRA VIOLATIONS AND THE SUBSEQUENT SERIOUS DAMAGES TO PLAINTIFF AND MANY MILLIONS OF CONSUMERS.

16.     In response, Experian denies, generally and specifically, each and every allegation contained in Plaintiff's Sixteenth Allegation.

**SEVENTEENTH ALLEGATION:**

Clearly stated in the FCRA:

S604. PERMISSIBLE PURPOSES OF CONSUMER REPORTS[15 U.S.C.S1681B]
 (A) In general. Subject to subsection(c), any consumer reporting agency may furnish a consumer report under the following circumstances and no other:

(3) To a person which it has reason to believe
(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or
(B) intends to use the information for employment purposes; or
(C) intends to use the information in connection with the underwriting of insurance involving the consumer; or
(D) intends to use the information in connection with a determination of the consumers eligibility for a license or other benefit granted by a governmental instrumentality required by law to consider an applicant's financial responsibility or status; or
(E) intends to use the information, investor or servicer, or current insurer, in connection with a valuation of, or an assignment of credit or prepayment risks associated with, an existing credit obligation; or
(F) otherwise has a legitimate business need for the information
(i) in connection with a business that is initiated by the consumer; or
(ii) to review an account to determine whether the consumer continues to meet terms of the account.

17. In response, Experian admits that the allegations contained therein appear to set forth a portion of the federal Fair Credit Reporting Act. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any portion of Plaintiff's Seventeenth Allegation inconsistent therewith.

**EIGHTEENTH ALLEGATION:**

   LIST OF INQUIRIES

   1. ASSET ACCEPTANCE 07/14/2003

   2. HOUSEHOLD    04/16/2003

   3. ASSOCIATED    01/16/2003

   4. NORTHLAND    11/13/2002

   5. PIONEER     06/24/2002

   6. CRW      05/24/2002

   7. GULFSTATE    02/11/2002

None of the inquiries (all hard inquiries on my file) that relate to any of the above PERMISSIBLE PURPOSES. I was never offered credit, insurance or employment in relation to any of these inquiries. I never applied for credit with any of these companies. Due to the fact that these organizations were allowed to view my credit file without meeting any of the above requirements and thus causing a "hard inquiry" to appear on my credit report. TRANSUNION is obligated by the FCRA to correct these inaccuracies and delete the INQUIRIES.

  18.  In response, Experian denies, generally and specifically, each and every allegation contained in Plaintiff's Eighteenth Allegation that relates to Experian. As to the allegations in Plaintiff's Eighteenth Allegation that relate to other entities, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of Plaintiff's Eighteenth Allegation.

**NINETEENTH ALLEGATION:**

I HAVE REQUESTED THAT FILENES, DIRECT MERCHANTS BANK, US CREDIT BUREAU, ABT ASPIRE, FLEET AND PROVIDIAN FINANCIAL PROVIDE ORIGINAL SIGNED DOCUMENTS AND THEY CAN NOT PROVIDE THEM. UNDER THE DOCTRINE OF ESTOPPEL BY SILENCE ENGELHARD V GRAVENS, I MAY PRESUME THAT NO PROOF OF THE ALLEGED DEBT, NOR THEREFORE ANY SUCH DEBT IN FACT EXISTS. UNDER THE FCRA THESE ITEMS MAY NOT APPEAR ON MY CREDIT REPORT.

FILENES # 651699910

DIRECT MERCHANTS # 5458000585067354

CBT ASPIRE # 413480000800

US CREDIT BUREAU # 17644

FLEET # 544911195900

PROVIDIAN FINANCIAL # 447941102490

19. In response, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Plaintiff's Nineteenth Allegation and, on that basis, denies, generally and specifically, each and every allegation contained therein. Experian further states that to the extent Plaintiff's Nineteenth Allegation is a legal conclusion, it is not subject to denial or admission.

**TWENTIETH ALLEGATION:**

EXPERIAN WAS AND IS OBLIGATED BY THE FCRA TO DELETE THESE ACCOUNTS.

20. In response, Experian denies, generally and specifically, each and every allegation contained in Plaintiff's Twentieth Allegation.

### FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

### SECOND AFFIRMATIVE DEFENSE
### (IMMUNITY)

All claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

### THIRD AFFIRMATIVE DEFENSE
### (TRUTH/ACCURACY OF INFORMATION)

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

### FOURTH AFFIRMATIVE DEFENSE
### (FAILURE TO MITIGATE DAMAGES)

Plaintiff has failed to mitigate his damages.

NYI-2123154v1

## FIFTH AFFIRMATIVE DEFENSE

## (CONTRIBUTORY/COMPARATIVE FAULT)

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself and resulted from Plaintiff's own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## SIXTH AFFIRMATIVE DEFENSE

## (INDEMNIFICATION)

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

Dated: March 26, 2004

BOURGEOIS, DRESSER, WHITE & BEARD

By: _____
Robert S. White (BBO#552229)
4 Dix Street
Worchester, MA 01609
(508) 798-8801

*- and, of counsel -*

Nathan J. Zolik
JONES DAY
222 East 41st Street
New York, NY 10017
(212) 326-3939

Attorneys for Defendants
EXPERIAN INFORMATION SOLUTIONS,
INC., & CRAIG SMITH

11

NYI-2123154v1

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2004, I caused a true and correct copy of the foregoing Defendant Experian Information Solutions, Inc.'s Answer and Affirmative Defenses to be served by overnight federal express upon Plaintiff Pro Se, Helder Peixoto, at the address listed below:

> Helder Peixoto
> 161 Webster Avenue
> Cambridge, MA 02141

Robert S. White

NYI-2123693v1