UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN SECTION

HELDER PEIXOTO,

    Plaintiff,

v.

EXPERIAN, CRAIG SMITH.,

    Defendants.

Case No. 04-CV-10436 (JLT)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF CRAIG SMITH'S MOTION TO DISMISS COMPLAINT
OF PLAINTIFF HELDER PEIXOTO

I.    **Introduction**

Plaintiff cannot maintain any claim against Defendant Craig Smith. Of Plaintiff's twenty-plus paragraph Complaint, only two of those paragraphs even refer to Craig Smith. First, Plaintiff states that "Craig Smith is CEO of Experian." Complaint at 3. Second, Plaintiff alleges that "Craig Smith is responsible and liable for the Experian procedures resulting in the numerous FCRA violations and the subsequent serious damages to plaintiff and many millions of consumers." Complaint at 6. While Plaintiff accuses Experian of multiple violations of the Fair Credit Reporting Act ("FCRA") and defamation, at no point does Plaintiff provide any basis for extending such allegations to Craig Smith.

Simply under no theory may Craig Smith be liable to Plaintiff. The FCRA does not apply to corporate officers, like Craig Smith, but only to the consumer credit reporting agencies themselves. Further, Plaintiff has not alleged that Craig Smith published the purported

defamatory statements. The Complaint, therefore, should be dismissed against Craig Smith with prejudice.

## II. Plaintiff Cannot Maintain Any Claims Against Craig Smith

### A. Craig Smith is Not a "Consumer Reporting Agency"

The purported FCRA claims against Craig Smith are without merit for the simple reason that Craig Smith is not a "consumer reporting agency" under the FCRA. 15 U.S.C. § 1681a(f).

Craig Smith is the CEO of Experian Information Solutions, Inc., a corporation which operates a consumer reporting agency governed by the FCRA. In enacting the FCRA, Congress recognized that "[t]he banking system is dependent upon fair and accurate credit reporting" and that "[c]onsumer reporting agencies [such as Experian] have assumed a vital role in assembling and evaluating consumer credit and other information on consumers." 15 U.S.C. § 1681(a)(1) & (3). Congress also recognized that the need for credit information must be balanced with an individual's right to privacy.

In balancing the needs of commerce and the needs of the individual, Congress established numerous duties owed by consumer reporting agencies to consumers. For example, when requested by the consumer, consumer reporting agencies must disclose the consumer's credit information in its files, must disclose the sources of the information, and must disclose to whom credit information has recently been given. 15 U.S.C. 1681g(a). Additionally, when a consumer directly disputes the accuracy of an item of credit information, the consumer reporting agencies must reinvestigate the item. 15 U.S.C. § 1681i. These duties imposed by Congress on consumer reporting agencies, however, *do not and cannot* extend to their officers, including Craig Smith.

Whether a statutorily created corporate duty also is imposed on its officers, depends on whether the statute includes corporate officers or employees within its ambit. For example, the Internal Revenue Code requires employers to withhold certain taxes from employees' wages.

See 26 U.S.C. §§ 3102(a), 3402(a), 3403. If taxes are not withheld, the Internal Revenue Service may impose penalties against any "person . . . who willfully fails to collect such tax . . . ." 26 U.S.C. § 6672(a). A person against whom penalties may be assessed "includes an officer or employee of a corporation . . . ." 26 U.S.C. §§ 6671; see Taylor v. Internal Revenue Serv., 69 F.3d 411 (10th Cir. 1995) (penalties assessed against corporate vice president).

In contrast, the duties imposed by the FCRA apply only to "consumer reporting agencies" themselves, not their officers. The Legislature has defined a "consumer reporting agency" as:

> . . . any person which, for monetary fees . . . regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties . . . .

15 U.S.C. § 1681a(f). The term "person" is defined as:

> . . . any individual, partnership, corporation, trust estate, cooperative, association, government or governmental subdivision or agency, or other entity.

15 U.S.C. § 1681a(b). Noticeably absent from these definitions is any reference to "officers" such as Craig Smith.

Courts interpreting the definition of a "consumer reporting agency" consistently have limited its purview to those in the business of collecting and disseminating consumer credit data. In Frederick v. Marquette Nat'l Bank, the court stated that "[w]hen a statute expressly confines liability to X's and the defendant is a Y, the suit is frivolous." 911 F.2d 1, 2 (7th Cir. 1990). Because Plaintiff's credit reporting suit was against a bank and not a consumer reporting agency,

- 3 -

Frederick was dismissed as frivolous. Id. Similarly, in Rush v. Macy's New York, Inc., the plaintiff brought suit against Macy's department store alleging various credit reporting violations. 596 F. Supp. 1540 (S.D. Fla. 1984). The trial court granted Macy's motion to dismiss on the ground that Macy's was not a consumer reporting agency under the statute. Id. at 1542. When the plaintiff appealed the dismissal, the court of appeal affirmed the dismissal and found the appeal to be so "patently frivolous" that double costs and attorneys' fees were awarded to Macy's as sanctions, and the court remanded the case to the trial court to consider additional sanctions below. 775 F.2d 1554, 1557-58 (11th Cir. 1985); accord Mitchell v. Surety Acceptance Corp., 838 F. Supp. 497, 500-01 (D. Colo. 1993) (debt collection agency not consumer reporting agency under the FCRA). Because Craig Smith is not a "consumer reporting agency" as defined by the FCRA, this motion to dismiss should be sustained without leave to amend as to Craig Smith.

### B. Craig Smith Did Not "Publish" Anything Concerning Plaintiff

Plaintiff's defamation claim may not be maintained against Craig Smith. Plaintiff apparently seeks relief for defamation. Complaint at 2. However, Plaintiff does not allege - because she cannot - that Craig Smith published the allegedly defamatory credit disclosures. Rather, any allegedly defamatory statements were published, if at all, by consumer reporting agencies. But as set forth above, Craig Smith is clearly not a "consumer reporting agency." Therefore, this motion to dismiss must be sustained without leave to amend as to Plaintiff's defamation claim to the extent it is meant to apply against Craig Smith.

### III. CONCLUSION

Because no claim may lie against Craig Smith as he is not a consumer reporting agency, Plaintiff's FCRA claims fail. Given that Plaintiff's claim for defamation is not and cannot be sufficiently pled with respect to Craig Smith, Craig Smith respectfully requests that the Court

sustain this motion to dismiss the entire Complaint against him without leave to amend.

Dated: March 26, 2004

BOURGEOIS, DRESSER, WHITE & BEARD

By: /s/ White

Robert S. White (BBO#552229)
4 Dix Street
Worchester, MA 01609
(508) 798-8801

- *and, of counsel* -

Nathan J. Zolik
JONES DAY
222 East 41st Street
New York, NY 10017
(212) 326-3939

Attorneys for Defendants
EXPERIAN INFORMATION SOLUTIONS,
INC., & CRAIG SMITH

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2004, I caused a true and correct copy of the foregoing Defendant Craig Smith's Motion to Dismiss Complaint of Plaintiff Helder Peixoto and Memorandum of Points and Authorities in Support Thereof to be served by overnight federal express upon Plaintiff Pro Se, Helder Peixoto, at the address listed below:

Helder Peixoto
161 Webster Avenue
Cambridge, MA 02141

/S/
Robert S. White

NYI-2123694v1